JOHN W. BOUGHTON et al., Respondents, v. MILLARD F. SMITH, Appellant.

(Argued April 25, 1894; decided June 5, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 4, 1893, which affirmed a judgment in favor of plaintiffs entered upon a verdict.

This action was brought to recover a balance claimed to be due upon a contract under which plaintiffs had laid certain floors in the house of defendant.

The following is the opinion in full:

"There was no dispute on the trial of the evidence given by the defendant as to the contract. The plaintiffs contracted to put parquet floorings throughout the house of the defendant, and the work was to. be 'first class.' Nor was there any substantial difference in the testimony as to what constituted a first-class flooring of this description. The beauty of the flooring depends upon the blocks being so laid as to leave no spaces between them, and with materials so

seasoned and prepared that, after the blocks are laid, spaces will not open by shrinkage. This is what the floor maker, as one of the plaintiffs testified, undertakes to do, 'that the blocks shall be so seasoned, and so well and carefully laid, that there shall be no space whatever between the blocks.' It appears, however, that it is unavoidable that there may here and there be a block which will shrink somewhat, a defect which, on going over the floor again, may be easily remedied without destroying the body of the work. The contract for the laying of the floors was made in 1887, and the work was to be completed that season. The floors were laid in the fall of that year, and, when first completed, they were smooth and even, without breaks. But soon afterwards spaces began to open between the blocks. The defendant made complaint, and the plaintiffs took up part of the floors the next year and re-laid them. But the blocks soon separated again. In 1889 the plaintiffs took up and re-laid the part of the floors not taken up the year before, and filled in the spaces in the work of the previous year, so that the job, when completed, seemed perfect, and the defendant expressed himself satisfied with their appearance at that time. This was in August. The plaintiffs then applied for the payment of the contract price. The defendant paid $700 on the contract, but declined to pay the balance of $650 until he could see 'how the floors stand.' To this the plaintiffs consented. Soon after the shrinkage commenced again and the blocks in nearly every room in the house commenced to separate. In Dec., 1889, the plaintiffs, as their evidence tends to show, sent a workman to the house to repair the floors and fill the spaces, who was there engaged in this work for three days. The workman testified that when he got through the floors were smooth and solid, and that the defendant expressed his satisfaction. The defendant testified that no work was done on the place after August. But the evidence given by experts and others is uncontradicted, that after Dec., 1889, the floors throughout the house were in very bad condition, with the exception of floors in one or two rooms. The blocks did not join and the floors were generally very imperfect and have so remained. The plaintiffs testified that shrinkage of the blocks

may have been caused by excessive heat in the house, or by dampness. But the affirmative evidence shows that these conditions did not exist, and that the shrinkage could not be attributed to either of these causes. It was also shown that the material for the floors was brought from Philadelphia and taken to the house in open wagons, and on one or more occasions were exposed to the rain on the way. We fail to find in the record any evidence that the plaintiffs substantially performed their contract, and we think the motion for nonsuit on that ground should have been granted. The plaintiffs gave evidence that the floors were of the best materials and workmanship. This does not meet the specific and uncontradicted evidence as to shrinkage, and the acts of the plaintiffs in re-laying and repairing them show that the general statements. were not intended to cover this defect.

"The judgment should be reversed and new trial granted."

*H. D. Birdsall* for appellant.

*W. P. Knapp* for respondents.

ANDREWS, Ch. J., reads for reversal and new trial.
All concur.
Judgment reversed.